WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Berrey, | No. CV-14-00847-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Plaintiff Investment Funding LLC, et al., | |
| Defendants. | |

Defendant Injury Assistance, LLC (Injury Assistance) has filed a motion to compel non-parties Amanda Nelson and the law firm Elardo, Bragg, Appel & Rossi (Elardo law firm) and Electric Insurance Company (Electric) to comply with subpoenas duces tecum.  (Doc. 51.)  The Elardo firm and Electric have responded and filed a cross motion for attorneys' fees.  (Doc. 60.)  Injury Assistance has filed a reply in support of its motion to compel (Doc. 61), and the Elardo firm and Electric have filed a reply in support of their motion for attorneys' fees.  For the reasons below, the Court denies the motion to compel and the motion for attorneys' fees.

I.      **Background**

On July 22, 2014, Injury Assistance served separate subpoenas on the Elardo firm and Electric.  (Doc. 51, Exs. 1 and 8.)  The subpoenas requested that the Elardo firm and Electric produce responsive documents by August 8, 2014.  (*Id.*)  Counsel for Injury Assistance states that after that date passed without a response, he called and left two messages for Nelson at the Elardo firm.  (Doc. 51 at 3, and at Ex. 2.)  He also states that

he spoke with Nelson prior to serving the subpoena "regarding what [he] was looking for." (Doc. 51 at Ex. 2.)  On August 21, 2014, he sent a letter to Nelson stating that he had not received responses to the subpoenas, explaining that he called her twice without a response, and stating that would file a motion to compel if he did not receive a response to the subpoenas by August 27, 2014. (Doc. 51, Ex. 2.)

On August 25, 2014, thirty-four days after service of the subpoenas and seventeen days after the response date set in the subpoenas, John Elardo of the Elardo firm sent Injury Assistance's counsel a letter and a CD with documents to respond to the subpoenas. (Doc. 51, Ex. 3.)  Elardo also asserted untimely relevance objections to the subpoenas. (*Id.*)  *See* Fed. R. Civ. P. 45(d)(2)(B) (written objection to subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served).

On September 8, 2014, Injury Assistance's counsel responded to Elardo's letter by email and asserted that the Elardo firm's response to the subpoenas was incomplete and that he would file a motion to compel if he did not receive a complete response to the subpoenas by September 19, 2014. (Doc. 51, Ex. 4.)  On September 18, 2014, Elardo responded by email stating that "we sent you the documents we believe were responsive to your request." (*Id*. at Ex. 5.)  Elardo also asserted that Injury Assistance was seeking documents that had "nothing to do with" his clients, and that the documents could be obtained from the court, or from the parties. (*Id.*)  Elardo further stated that "if you think we left something out, you surely can get it from other sources — we did not originate these documents." (*Id.*)  Finally, he stated that he did not have authorization to release medical records and that "the remaining objections relative to attorney client privilege are invoked." (*Id.*)

On September 24, 2014, Injury Assistance's counsel responded by email and again asserted that the Elardo firm's response to the subpoenas was incomplete and he requested a privilege log. (*Id.* at Ex. 6.)  He also stated that he did not need medical records in response to the subpoenas. (*Id.*)  He again asserted that he would file a motion

1    to compel by October 1, 2014 if he did not receive a complete response to the subpoenas.

2    (*Id.*)

3          On September 25, 2014, Nelson sent a letter to Injury Assistance's counsel and

4    asserted that the Elardo firm had fully responded to both subpoenas, that Injury

5    Assistance had not explained what documents were missing from the response, and

6    stating that she would seek fees if Injury Assistance filed a motion to compel.  (*Id.* at

7    Ex. 7.)   Nelson also asserted additional untimely objections on the basis that the

8    subpoenas were "overly broad, vague and unduly burdensome" and sought documents

9    protected by "privilege/work product."  (*Id.*)  *See* Fed. R. Civ. P. 45(d)(2)(B).  Nelson

10   also provided some description of the documents in the possession of the Elardo firm and

11   Electric, and invoked Rule 26(b)(5) to support her assertion that, as non-parties, the

12   Elardo firm and Electric were not required to provide a privilege log.[1]  (*Id.*)

13   **II.      The Motion to Compel**

14         On October 8, 2014, Injury Assistance filed its motion to compel arguing that the

15   Elardo firm and Electric did not fully comply with the subpoenas.  (Doc. 51 at 3.)  Injury

16   Assistance also set forth its counsel's communications with the Elardo firm regarding the

17   responses to the subpoenas, and requested an order compelling the Elardo firm and

18   Electric to fully comply with the subpoenas and to provide a privilege log.  (*Id.* at 3-5.)

19         In response, the Elardo firm and Electric assert that they have fully complied with

20   the subpoenas, that Injury Assistance did not confer in good faith in an attempt to resolve

21   any dispute over the subpoenas and did not file a certificate under Rule 37(a)(1) averring

22   attempts to confer in good faith, and that Injury Assistance has not explained what

23   documents are missing from the response to the subpoenas.  (Doc. 60 at 4-5.)  In reply,

---

24

25       [1]  In response to the motion to compel, the Elardo firm and Electric do not dispute
     Injury Assistance's description of their communications, as set forth in the exhibits to the
     motion to compel.  Instead, they attach as an exhibit to their response one additional

26   email that was not attached to Injury Assistance's motion to compel.  (Doc. 60, Ex. A.)
     This additional email is dated September 17, 2014 from Nelson to Injury Assistance's

27   counsel and it states "I do not know what additional documents you are looking for in
     addition to what I sent nor have I had a request for additional documents."  (*Id.*)  Nelson
     sent this email one day before Elardo's September 18, 2014 email in which he asserted

28   objections and stated that the response to the subpoenas was complete.  (Doc. 51, Ex. 5.)

1   Injury Assistance filed a statement from counsel to certify his attempts to confer in good

2   faith with Elardo and Nelson to resolve this dispute.  (Doc. 61.)

3             **A.**       **Injury Assistance's Obligation to Meet and Confer**

4         The Elardo firm and Electric argue that the Court should deny Injury Assistance's

5   motion to compel based on its failure to file a Rule 37(a)(1) certificate with its motion.

6   (Doc. 60 at 4.)  The Court will not deny the motion to compel on this basis.  Although

7   Injury Assistance did not include with its motion to compel a certification of its good

8   faith attempts to resolve this matter, the Court finds that the motion and attached exhibits

9   sufficiently document Injury Assistance's repeated attempts to resolve this matter with

10  Elardo and Nelson through telephone calls, letters, and emails.

11        In response to its communications with Elardo and Nelson, Injury Assistance

12  received repeated assertions that the document productions were complete and untimely

13  assertions of objections.  Although it appears that Injury Assistance and the non-parties

14  were able to resolve some issues related to medical records and narrow the scope of their

15  dispute, their discussions did not move beyond the conflicting assertions about whether

16  the non-parties' response to the subpoenas was complete, and neither side proposed any

17  method to resolve their dispute.

18        Instead, the Elardo firm and Electric asserted that Injury Assistance must identify

19  the specific documents from their files that it believed were not produced in response to

20  the subpoenas.  Injury Assistance, however, did not have access to these files and

21  therefore could not specifically identify the requested documents.  Similarly, Injury

22  Assistance did not propose any method to confirm compliance with the subpoenas.

23  Therefore, the Court finds that there was a mutual break down in communications and

24  both Injury Assistance and the Elardo firm and Electric failed to engage in good faith

25  attempts to resolve their discovery dispute.  Because both sides bear responsibility for

26  their failed attempts to resolve this discovery dispute, the Court will not find that Injury

27  Assistance violated Rule 37.

28

1    The Court, however, notes that Injury Assistance did not comply with the Case

2  Management Order, which prohibits filing written discovery motions without leave of

3  court.  (Doc. 40 at ¶ 6.)  The Case Management Order requires that if a discovery dispute

4  arises, the parties must contact the Court to request a telephonic conference concerning

5  the dispute.  (*Id.*)  Because this provision of the Case Management Order could be

6  construed as applying only to disputes between parties, the Court will not deny Injury

7  Assistance's motion based on its failure to comply with this provision.  Instead, the Court

8  clarifies that this provision applies to all discovery disputes, including disputes with non-

9  parties, and directs Injury Assistance to continue its attempts to meet and confer with the

10  Elardo firm and Electric to resolve this matter.  If those attempts fail, then Injury

11  Assistance must contact the Court to request a telephonic conference with the Court and

12  the non-parties to discuss the matter.

13          **B.      The Non-Parties' Objections to the Subpoenas**

14          The Elardo firm and Electric also assert that Injury Assistance has not established

15  that the documents it seeks are "material" and that Injury Assistance is engaged in a

16  "fishing expedition."  (Doc. 60 at 5.)  This appears to be another form of their untimely

17  objections based on relevance.  The Court finds that the Elardo firm and Electric have

18  waived any objections based on relevance or materiality, or that the subpoenas are overly

19  broad, vague or unduly burdensome.   *See* Fed. R. Civ. P. 45(d)(2)(B); *see also Voxpath*

20  *RS, LLC v. LG Elec. U.S.A., Inc.,* 2013 WL 5744045, at *3 (D. Ariz. Oct. 23, 2013) (an

21  untimely objection generally waives all grounds for objection to a subpoena); *Avila v.*

22  *Cate,* 2013 WL 428732, at *3 (E.D. Cal., Feb. 1, 2013) (the failure to timely object to a

23  subpoena generally waives objections, however, courts have recognized an exception

24  when the responding party establishes unusual circumstances and good cause for the

25  failure) (citations omitted); *Deal v. Lutheran Hosps. & Homes*, 127 F.R.D. 166, 168

26  (D. Alaska 1989) (finding that a nonparty's failure to timely object waived objections to

27  documents requested in subpoenas and noting that the document production aspects of

28

1   Rule 45 should be construed consistently with Rules 33, 34, and 36, which contain

2   similar waiver provisions.)

3     **C. The Non-Parties' Obligation to Provide a Privilege Log**

4      The Elardo firm and Electric also assert that, as non-parties, they are not required

5   to provide a privilege log for any documents they withheld.   They rely on Rule

6   26(b)(5)(A), which refers to a *party* withholding documents on the basis of privilege.

7   Their argument, however, disregards Rule 45(e)(2)(A), which provides that a "*person*

8   withholding subpoenaed information under a claim that it is privileged . . . must:

9   (i) expressly make the claim; and (ii) describe the nature of the withheld documents  . . .

10   in a manner that, without revealing information itself privileged or protected, will enable

11   the parties to assess the claim."[2]   Fed. R. Civ. P. 45(e)(2)(A) (emphasis added).

12   Therefore, the Court finds that the Elardo firm and Electric are not excused from their

13   duty to provide a privilege log simply because they are non-parties.

14     **D. The Non-Parties' Compliance with the Subpoenas**

15      The central issue presented in the motion to compel is whether the Elardo firm and

16   Electric have fully complied with the subpoenas.  Injury Assistance asserts that they have

17   not fully complied with the subpoenas based on the limited number of documents

18   produced and the absence of documents Injury Assistance believes should be in the files.

19   The Elardo firm and Electric assert that they have produced all responsive, non-

20   privileged documents.   Without reviewing their files, neither the Court nor Injury

21   Assistance can determine whether the Elardo firm and Electric have fully complied with

22   the subpoenas.   This difficulty in confirming compliance with the subpoenas is

23   compounded because it appears that the Elardo firm and Electric did not produce the

24   documents "as they are kept in the ordinary course of business" or organize and label the

25   documents to correspond to the categories in the subpoena.  *See* Fed. R. Civ. P. 45

26   (e)(1)(A).

27   _____

28     [2]  This section of Rule 45 uses the same wording as Rule 26(b)(5)(A) in describing the procedures for asserting privilege.

1    Therefore, the Court directs the parties to meet and confer to determine whether

2    the non-parties have fully complied with the subpoenas.  This may include the Elardo

3    firm and Electric allowing Injury Assistance to review their files as they are maintained,

4    with privileged and protected documents removed.  If the parties are unable to resolve

5    this matter, they must contact the Court to schedule a telephonic conference to discuss the

6    matter.

7    **III.    Motion for Attorneys' Fees**

8    The Elardo firm and Electric argue that they are entitled to attorneys' fees incurred

9    in responding to the subpoenas and the motion to compel.  (Doc. 60 at 6.)  To support this

10   claim for attorneys' fees, they argue that Injury Assistance did not file a certification of

11   its good faith efforts to meet and confer to resolve this matter, and that the subpoenas

12   seek documents that are not material.  The Court has already rejected these arguments

13   because the record establishes Injury Assistance's repeated attempts to meet and confer

14   regarding the subpoena responses, and because the non-parties objections based on

15   materiality are untimely and waived.  Furthermore, the Court has determined that both

16   sides bear responsibility for the break down in communications and their inability to

17   resolve this discovery dispute.  Therefore, the Court finds that an award of fees against

18   Injury Assistance would be unjust.  *See* Fed. R. Civ. P. 37(a)(5).

19   Accordingly,

20   **IT IS ORDERED** that Injury Assistance's motion to compel (Doc. 51) is

21   **DENIED** and the Elardo Firm's and Electric's motion for attorneys' fees (Doc. 60) is

22   **DENIED**.

23   **IT IS FURTHER ORDERED** that Injury Assistance, the Elardo firm, and

24   Electric must meet and confer to continue their attempts to resolve this dispute,

25   particularly to determine a manner to confirm compliance with the subpoenas and to

26   resolve any issues related to the necessity for the production of a privilege log.

27

28

**IT IS FURTHER ORDERED** that neither Injury Assistance nor the non-parties may file any additional motions related to this discovery dispute without contacting the Court to request a telephonic conference to discuss any remaining disputed issues.

Dated this 9th day of December, 2014.


_____
Bridget S. Bade
United States Magistrate Judge