WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Berrey, | No. CV-14-00847-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Plaintiff Investment Funding LLC, et al., | |
| Defendants. | |

Injury Assistance LLC (Injury Assistance) has filed a timely motion for reconsideration (Doc. 92) of the Court's March 30, 2015 Order. (Doc. 89.) The Court does not require briefing on the motion. *See* LRCiv 7.2(g)(2). As set forth below, the Court denies the motion because Injury Assistance has not shown "manifest error" or "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." *See* LRCiv 7.2(g)(1).

Injury Assistance seeks reconsideration of the portion of the Court's March 30, 2015 Order granting summary judgment for Plaintiff Andrew Berrey on Injury Assistance's "right to assert a contractual claim against settlement proceeds of Berrey's personal injury claim." (Doc. 92 at 2.) In its order, the Court distinguished between Injury Assistance's "counter claim that its contract with Berrey created [] lien rights" and its contract claim for payment of medical expenses. (Doc. 89 at 2, 13-19.) The Court concluded that the "lien" provisions in the contract were unenforceable as an assignment of the proceeds of Berrey's personal injury claim and granted summary judgment for

1 Berrey on Injury Assistance's counter claim asserting contractual lien rights. (*Id*. at 2, 13-16.) However, the Court also concluded that Injury Assistance may have a contract claim for payment of medical expenses and denied both parties' motions for summary judgment on Injury Assistance's counter claim for breach of contract. (*Id*. at 2, 17-19.)

Injury Assistance asserts that the Court should reconsider its March 30, 2015 Order for three reasons. First, it argues that the Court incorrectly applied *Allstate Ins. Co. v. Druke*, 576 P.2d 489 (Ariz. 1978). (Doc. 92 at 3-4.) Injury Assistance argues that "[i]n every ruling that relies on *Druke* and its progeny, the anti-subrogation rule is applied to [an insurance] carrier" and "the analysis used in *Druke* does not apply here." (*Id*. at 3.) Thus, it appears that Injury Assistance is arguing that the Arizona Supreme Court's analysis of the prohibition on assignments of personal injury claims, as explained in *Druke*, only applies to insurance carriers' contract claims. (*See id.* at 3-4.)

As an initial matter, this argument fails because it is not based on new facts or law. The *Druke* decision and the Arizona law prohibiting assignment of personal injury claims were argued in the parties' cross motions for summary judgment. (Doc. 66 at 7-8; Doc. 72 at 7-8.) In addition, Injury Assistance has not shown "manifest error" in the Court's order because the Arizona courts have explicitly rejected the argument that the analysis of *Druke* only applies in insurance cases. *See Karp v. Speizer,* 647 P.2d 1197, 1200 (Ariz. Ct. App. 1982) (rejecting argument that public policy reasons underlying general rule prohibiting assignment of personal injury claims are supported solely by insurance considerations and finding that these policy reasons were "equally applicable" to contract to assign proceeds of personal injury claim to pay debt); *see also Lingel v. Olbin,* 8 P.3d 1163, 1169 (Ariz. Ct. App. 2000) (following *Karp* and stating that "the public policy reasons and legal principles underlying the prohibition against assignments are not supported solely by insurance considerations" and finding that contract to share proceeds of wrongful death action was unenforceable as assignment of personal injury claim); *Piano v. Hunter*, 840 P.2d 1037, 1041 (Ariz. Ct. App. 1992) (quoting *Karp* and

rejecting argument that *Druke* does not apply to self-insured trust fund because it is not a profit-making insurance company).[1]

To support its argument that the Court incorrectly applied *Druke*, Injury Assistance quotes from a footnote in a 1998 ethics opinion from the State Bar of Arizona. (Doc. 92 at 4 (quoting Ethics Op. 98-06, n.8).)  Again, Injury Assistance has not shown that this is "new legal authority" that could not have been brought to the Court's attention.[2] *See* LRCiv 7.2(g)(1).  In addition, Injury Assistance has not shown "manifest error" because Ethics Opinion 98-06 addresses "the ethical duties of an attorney in a personal injury case who holds settlement funds in which a *medical provider* claims an interest." (Ethics Op. 98-06 (emphasis added).)  The footnote that Injury Assistance relies upon states that "[w]hether an assignment in favor of a *medical provider* against personal injury settlement funds in the hands of an attorney is enforceable in Arizona is an unsettled question." (*Id.* at n.8 (emphasis added).)  As set forth in the Court's March 30, 2015 Order, Injury Assistance is not a medical provider and does not have a health care provider lien. (Doc. 89 at 8.)  The ethics opinion does not address the issues decided in the Court's order and does not provide a basis for the Court to reconsider its order. (Doc. 94 at 4.)

To further support its argument that the Court incorrectly applied *Druke*, Injury Assistance also argues that the Court's order granted summary judgment on an "unsettled issue" and this is plain error that must be reversed. (Doc. 92 at 4.)  Apparently, Injury Assistance is arguing that the Court cannot resolve unsettled legal issues on summary judgment.  This argument fails because it is the Court's duty to resolve issues of law. *See* Fed. R. Civ. P. 56(a); *City & Cnty. of San Francisco v. United States,* 130 F.3d 873, 877 (9th Cir. 1997) (summary judgment is an appropriate mechanism for deciding legal

---

[1] The Court cited *Karp, Lingel,* and *Piano* in its March 30, 2015 Order. (Doc. 89 at 13-14.)

[2] Ethics Opinion 98-06 notes that "Formal Opinions of the Committee on the Rules of Professional Conduct are advisory in nature only and are not binding in any disciplinary or other legal proceedings." (Ethics Op. 98-06, n.1.)

- 3 -

questions); *Asuncion v. District Dir. of U.S. Immigration and Naturalization Serv.,* 427 F.2d 523, 524 (9th Cir. 1970) (when question of law presented, the court's resolution of the matter by summary judgment was procedurally proper).

Second, Injury Assistance argues that the Court should reconsider its order because "there is an honest difference of opinion on the interpretation of [*State Farm Mut. Ins. Co. v. St. Joseph's Hosp.*, 489 P.2d 837 (Ariz. 1971)] which precludes summary judgment as a matter of law." (Doc. 92 at 4-5.) Thus, it appears that Injury Assistance is arguing that because it disagrees with the Court on an issue of law, summary judgment is precluded.

This argument fails because Injury Assistance has not shown "manifest error" in the Court's order, but instead argues a "difference of opinion" in the interpretation of a case, and because this argument is not based on "new facts or legal authority." *See* LRCiv 7.2(g)(1). In addition, as set forth above, disputed issues of law do not preclude summary judgment. *See* Fed. R. Civ. P. 56(a); *City & Cnty. of San Francisco,* 130 F.3d at 877; *Asuncion,* 427 F.2d at 524. Therefore, "an honest difference of opinion on the interpretation" of a case does not preclude summary judgment and does not provide a basis for the Court to reconsider its order.

Third, Injury Assistance argues that the contract provisions cited in the Court's March 30, 2015 Order are "controverted" and that a trier of fact could interpret these provisions to find that the contract is not an assignment.[3] (Doc. 92 at 5.) Again, this argument fails because Injury Assistance has not shown that this argument is based on new facts or legal authority that could not have been brought to the Court's attention. *See* LRCiv 7.2(g)(1). In addition, Injury Assistance does not explain how the contract provisions are "controverted." Both Injury Assistance and Berrey attached identical

---

[3] Injury Assistance also asserts that Berrey did not argue the contract provisions cited in the Court's order. (Doc. 92 at 5.) This argument fails because Berrey presented arguments based on the contract provisions and quoted several of these provisions in his motion for summary judgment, including the provision that allowed Injury Assistance to sell or reassign its "lien," (Doc. 66 at 8), which the Court described as perhaps the most significant provision in its analysis. (Doc. 89 at 16.)

copies of the contract with their cross motions for summary judgment. (Doc. 67, Ex. 3; Doc. 72, Ex. 1.)  The parties did not dispute the authenticity of the copies of the contract provided to the Court and did not dispute the plain meaning of the contract provisions.

Under Arizona law, if a contract provision is ambiguous, the interpretation of the contract presents an issue of fact. *See State v. Mabery Ranch, Co., LLC.,* 165 P.3d 211, 224 (Ariz. Ct. App. 2007) (interpretation of a contract should be submitted to a jury when the contract terms are reasonably susceptible to different meanings).  However, Injury Assistance does not provide any explanation of how the terms of the contract could be considered ambiguous.  When the terms of a contract are plain and unambiguous, its interpretation is a question of law for the court. *ELM Ret. Ctr., LP v. Callaway,* 246 P.2d 938, 942 (Ariz. Ct. App. 2010).  Furthermore, whether a contract is ambiguous is a question of law. *Hartford v. Indus. Comm'n of Ariz.,* 870 P.2d 1202, 1207 (Ariz. Ct. App. 1994).  Injury Assistance did not argue that the contract provisions are ambiguous in its response to Berrey's motion for summary judgment or in its cross motion for summary judgment.  Furthermore, in its motion for reconsideration, Injury Assistance does not argue that any particular provision of the contract is ambiguous.  The Court entered summary judgment based on the plain meaning of the contract provisions.  Injury Assistance has not established any basis for the Court to reconsider its order.

Accordingly,

The motion for reconsideration (Doc. 92) is **DENIED**.

Dated this 14th day of April, 2015.

_____
Bridget S. Bade
United States Magistrate Judge