WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrew Berrey, | No. CV-14-00847-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Plaintiff Investment Funding LLC, et al., | |
| Defendants. | |

Plaintiff Andrew Berrey has filed a Motion for Rule 11 Sanctions against Defendant Injury Assistance, LLC (Injury Assistance), and its counsel.[1] (Doc. 84.) Berrey asserts that the Court should impose sanctions on Injury Assistance and its counsel based on Injury Assistance's Motion to Disgorge Michael Love's Attorney's Fees (Doc. 79), which the Court denied. (Doc. 93.) Berrey seeks a sanctions award of $26,588, with additional sanctions to be determined after the deposition of Injury Assistance's counsel. (Doc. 84 at 1.) Injury Assistance has responded to the motion for sanctions (Doc. 87), and Berrey has filed a reply. (Doc. 88.) For the reasons below, the Court denies the motion for sanctions.

---

[1] Berrey also filed a First Supplement to His Motion for Rule 11 Sanctions. (Doc. 85.) Berrey filed this supplement shortly after Injury Assistance filed its reply in support of its motion to disgorge attorney's fees. (Doc. 82.) In the supplement, Berrey asserts that Injury Assistance has filed "yet another frivolous pleading" (apparently referring to Injury Assistance's reply in support of its motion to disgorge attorney's fees) and, therefore, he has "no other option" but to supplement his motion for sanctions. (Doc. 85 at 1.) The supplement, however, reargues the merits of the motion to disgorge attorney's fees in what appears to be an improper surreply. Therefore, the Court strikes and does not consider Berrey's First Supplement to His Motion for Sanctions. (Doc. 85.)

**I.     Motion for Sanctions**

In the motion for sanctions,[2] Berrey argues that the motion to disgorge attorney's fees was filed for an improper purpose and that it was frivolous because it was based on inadequate legal research and factual investigation. (Doc. 84 at 8, 12.)  In response, Injury Assistance opposes the motion for sanctions by arguing the merits of the motion to disgorge attorney's fees. (Doc. 87.)

**A.     Rule 11 Standard**

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, a lawyer who signs and files a paper in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" that the motion "is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."  Fed. R. Civ. P. 11(b)(1) and (2).

Rule 11 permits sanctions "when a filing is frivolous, legally unreasonable or without factual foundation, or is brought for an improper purpose."  *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (plaintiff's complaint in third lawsuit violated Rule 11 because it was time barred and "alleged the identical § 1983 claims at issue in [prior two lawsuits] against the same defendants") (citations omitted). The objective standard of reasonableness applies when determining whether a motion is frivolous or has been filed for an improper purpose. *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987) (citation omitted); *see also G.C. and K.B. Invs., Inc., v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) (reasonableness is viewed from the perspective of a competent attorney admitted to practice before the district court).  When applying Rule 11, courts must prevent abuse of the judicial process while also allowing zealous advocacy. *Hudson,* 836 F.2d at 1159-60.

---

[2] The factual and procedural background of this interpleader action, and the motion to disgorge attorney's fees, has been set forth in previous orders (Docs. 89, 93) and is not repeated here.

- 2 -

### B.   Improper Purpose under Rule 11(b)(1)

Berrey argues that Injury Assistance filed the motion to disgorge attorney's fees for an improper purpose.  A litigant files a motion for an improper purpose when the motion is meant to "harass or to cause unnecessary delay or needless increase in the cost of litigation."  *G.C. and K.B. Invs., Inc.*, 326 F.3d at 1110 (explaining that successive complaints based on propositions of law previously rejected may constitute harassment under Rule 11).  Berrey argues that Injury Assistance filed its motion to disgorge attorney's fees in a spiteful and vindictive response to Berrey's reply in support of his motion for partial summary judgment because, based on Berrey's reply, Injury Assistance realized its claims to the settlement proceeds would fail.[3]  (Doc. 84 at 2, 5, 12.)  This argument is speculative and based on Berrey's unsupported allegations of ill motive.  Berrey has not presented any objective evidence that Injury Assistance filed the motion to disgorge attorney's fees for an improper purpose.  Therefore, Berrey has presented no basis from which the Court could conclude that Injury Assistance filed the motion out of spite, to be vindictive, or to lash out and personally attack Berrey's counsel.

Furthermore, Berrey's argument is based on his counsel's perception of the strength of his reply to support his motion for partial summary judgment.  However, as set forth in the Court's March 30, 2015 Order, the cross motions for summary judgment were complicated, presented an issue of first impression, and were not adequately briefed and thus required supplemental briefing.  (Doc. 89.)  Given the nature of the briefing on summary judgment, it is very unlikely Injury Assistance perceived Berrey's reply in the

---

[3] Berrey argues that Injury Assistance realized its claims were "marginalized" by his reply and therefore "lashed out" and "personally attack[ed]" Berrey's counsel. (Doc. 84 at 2.)  Berrey also argues that his reply "all but assur[ed] that Injury Assistance's claims . . . would fail" and, therefore, Injury Assistance "took vindictive action." (*Id.*)  In addition, Berrey argues that his reply "strongly demonstrate[ed] that Injury Assistance's . . . claims against the settlement proceeds must fail as a matter of law" and therefore Injury Assistance "spitefully" filed its motion to disgorge attorney's fees.  (*Id.* at 5.)  Berrey also argues that "a thirst for vengeance motivated" Injury Assistance, and that Injury Assistance "fear[ed] the success of Berrey's summary judgment motion so much it was willing to use the judicial system for an improper purpose." (*Id.* at 12.)  Finally, Berrey argues that Injury Assistance filed its motion to disgorge attorney's fees to retaliate against Berrey because of his "strong reply." (*Id.* at 14.)

- 3 -

same way that Berrey perceived it. Thus, the Court concludes that Berrey has not established that Injury Assistance was motivated to file its motion to disgorge attorney's fees for an improper purpose in reaction to the strength of Berrey's reply.

The record contains no evidence that Injury Assistance intended to harass Berrey, cause unnecessary delay, or needlessly increase the cost of this litigation. Therefore, Berrey has not established that Injury Assistance filed the motion to disgorge attorney's fees for an improper purpose and the Court denies the motion for sanctions on this basis.

### C. Frivolous under Rule 11(b)(2)

Berrey argues that the motion to disgorge attorney's fees was frivolous because Injury Assistance's claims were "not well grounded in fact or law," and Injury Assistance "failed to make reasonable inquiry into governing law." (Doc. 84 at 6.) "Rule 11 sets a low bar: It deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." *Strom v. United States,* 641 F.3d 1051, 1059 (9th Cir. 2011) (citations omitted). Thus, frivolous filings are "both baseless and made without a reasonable and competent inquiry." *Estate of Blue*, 120 F.3d at 985 (citation omitted); *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010) (citation omitted). "The key question in assessing frivolousness is whether a complaint states an arguable claim — not whether the pleader is correct in his perception of the law." *Hudson*, 836 F.2d at 1159. In addition, "ultimate failure on the merits is irrelevant." *Id.* (citation omitted).

Furthermore, Rule 11 sanctions are not appropriate when a litigant has "*some* plausible basis, albeit quite a weak one" for the argument advanced. *United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1117 (9th Cir. 2001). At least two circuit courts have reasoned that "to constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Strom*, 641 F.3d at 1059 (quoting *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999)). A legal theory or argument is not frivolous simply

because it failed to persuade the district court. *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 811 (9th Cir. 1987).

To establish that the motion to disgorge attorney's fees was frivolous, Berrey argues that Injury Assistance was attempting to assert a tort claim against Love, Berrey's attorney, "in the nature of a breach of fiduciary duty."[4]  (Doc. 84 at 7.)  Thus, Berrey argues that the motion "represents that a claim for relief exists when — in fact — it does not. Arguing for a legally impossible duty is frivolous on its face." (*Id.* at 12.)  This argument fails to establish that the motion to disgorge attorney's fees was frivolous. As set forth in the Court's order denying that motion, Injury Assistance was not attempting to assert a tort claim for breach of fiduciary duty against Love, but was requesting that the Court grant relief from an order and judgment under Rule 60.  (Doc. 93 at 3-4.) Therefore, this argument is irrelevant and does not establish that the motion to disgorge attorney's fees was frivolous.

Berrey also argues that "Injury Assistance believes [Love] owed it a fiduciary duty and that Love somehow breached that duty by depositing the settlement funds into the Court's registry . . . ." (Doc. 84 at 6-7.)  He further asserts that Injury Assistance failed to adequately investigate the facts of the case "causing it to jump to the erroneous conclusion that Love somehow failed to safeguard to funds at issue . . . despite the fact that Mr. Love deposited the entire balance of the action into the Court's registry for safekeeping." (*Id*. at 12.)  This argument fails to establish that the motion to disgorge attorney's fees was frivolous because Injury Assistance did not argue that Berrey failed to safeguard the settlement proceeds by depositing them in the Court's registry.

---

[4] Thus, Berrey argues that Love is not a party in the interpleader action and has not been served and, therefore, the Court lacks jurisdiction over the purported claim for breach of fiduciary duty and Injury Assistance must bring an action against Love. (Doc. 84 at 7).  Berrey also argues that Love does not owe any "actionable duty" or "legal duty" to Injury Assistance.  (*Id.* at 8, 9-10.)  He also argues that the ethical rules cannot form the basis for civil liability, or establish duty or the standard of care, again treating Injury Assistance's motion as an attempt to assert a claim against Love.  (*Id*. at 8.)  Finally, Berrey asserts that the motion to disgorge attorney's fees "demonstrated a fundamental misunderstanding of how to plead a case." (*Id*. at 17.)

- 5 -

1    Instead, Injury Assistance argued that Berrey's attorney, Love, did not disclose
2 that he represented another Defendant, Plaintiff Investment Funding, LLC (PIF), in
3 another matter in state court. (Doc. 82 at 2.) Injury Assistance further argued that by
4 failing to disclose that he represented PIF, Love obtained the stipulation for the
5 disbursement of attorney's fees (Doc. 62) under false pretenses. (Doc. 82 at 2; *see also*
6 Doc. 87 at 2, 5.) The Court rejected Injury Assistance's arguments in the motion to
7 disgorge attorney's fees and found that Injury Assistance did not prove by clear and
8 convincing evidence, as Rule 60 requires, that Berrey obtained the stipulation to disburse
9 fees through false pretenses. (Doc. 93 at 5-6.)

10    The Court found that there was information in the state court docket that provided
11 notice to Injury Assistance that Love represented PIF in that matter. (*Id*. at 5.) However,
12 the Court also found that Berrey did not disclose that Love represented PIF in another
13 matter (*id*. at 4), and Berrey has not argued in response to the motion to disgorge
14 attorney's fees, or in the motion for sanctions, that Love disclosed that he also
15 represented PIF. Therefore, it is plausible that a court could have concluded that the
16 failure to affirmatively disclose this information mislead Injury Assistance and caused it
17 to enter the stipulation to disburse fees under false pretenses. Therefore, Injury
18 Assistance's argument had some plausible basis because Injury Assistance did not know
19 that Love represented PIF. (Doc. 82 at 2.)

20    Berrey also argues that the motion to disgorge attorney's fees was frivolous
21 because Injury Assistance improperly asserted that Love owed Injury Assistance and the
22 other parties a duty under E.R. 1.15(d) when Berrey was the "sole beneficiary of Love's
23 fiduciary duty." (Doc. 84 at 8-9.) This argument also fails to establish that Injury
24 Assistance's motion to disgorge attorney's fees was frivolous. Relying in part on E.R.
25 1.15(d), Injury Assistance argued that Love had a fiduciary duty to Injury Assistance and
26 the other claimants to safeguard the settlement funds. (Doc. 79 at 3; Doc. 82 at 2.) Injury
27 Assistance argued that Love violated that duty when he failed to disclose that he
28

- 6 -

represented PIF in another matter and, thus, obtained the stipulation to disburse attorney's fees under false pretenses. (Doc. 79 at 2-3; Doc. 82 at 2.)

The Court found that Love did have a duty to protect the interests of the claimants under E.R. 1.15(d), and that Love apparently recognized that duty when he deposited the settlement proceeds in the Court's registry. (Doc. 93 at 8.) The Court, however, rejected Injury Assistance's argument that Love had violated this duty for the same reasons it rejected Injury Assistance's argument that Berrey had obtained the stipulation for disbursement of attorney's fees under false pretenses. (*Id.* at 9.) However, as set forth above, it is plausible that a court could find that Love's failure to affirmatively disclose his relationship with PIF mislead the other claimants, including Injury Assistance, thus leading them to enter the stipulation to disburse attorney's fees under false pretenses, in violation of E.R. 1.15(d). Therefore, Injury Assistance's argument, while not persuasive to the Court, was not frivolous.

Finally, Berrey argues that Injury Assistance improperly argued that Love's representation of Berrey and PIF created a conflict of interest because only a client could assert that conflict, and Love's clients had waived any conflict under E.R. 1.7.[5] (*Id.* at 13-14.) This argument also fails to establish that the motion to disgorge attorney's fees was frivolous. In that motion, Injury Assistance argued that Love's representation of PIF, another claimant to the interpleaded funds, created a "clear conflict of interest between Love, Berrey, and all parties to this action" and that "Love is clearly putting PIF's interests ahead of everyone, including Berrey and all other claimants." (Doc. 79 at 3, 5.) In its response to the motion for sanctions, Injury Assistance further argues that Love's representation of Berrey and PIF was a conflict of interest, and that Love had a duty to

---

[5] Injury Assistance did not argue any violation of E.R.1.7 in its motion to disgorge attorney's fees or in its reply. (*See* Docs. 79, 82.) Instead, Berrey raised E.R. 1.7 by arguing that Love could obtain a waiver of any concurrent conflict between Berrey and PIF. (Doc. 80 at 2, 10.) Therefore, the Court considered E.R. 1.7(a) in its order denying the motion to disgorge attorney's fees. (Doc. 7-8.) Despite Berrey's argument that there was no conflict, the Court found, "from the limited record," that Love's representation of Berrey and PIF created a concurrent conflict, that both clients had waived that conflict, and it appeared that the elements of E.R. 1.7(b) had been satisfied. (Doc. 93 at 7-8.)

- 7 -

disclose this conflict. (Doc. 87 at 2, 5.) Injury Assistance argues that because Love did not disclose that he represented PIF, he violated his duty and obtained the stipulation to disburse fees under false pretenses. (*Id.*)

Thus, it appears that Injury Assistance was arguing in the motion to disgorge attorney's fees, in another form, that Love's undisclosed representation of PIF created a conflict with his duty to protect the interests of all claimants to the settlement funds. Although the Court found that Injury Assistance had not established that Love violated ethical obligations, it is plausible that a court could find that Love's failure to disclose that he represented PIF created a conflict with his duty to the other claimants under E.R. 1.15(d). Therefore, there is some plausible basis for the theories Injury Assistance asserted in the motion to disgorge attorney's fees. The Court finds that the motion was not frivolous and will not impose sanctions on this basis.

**II.  Conclusion**

The Court concludes that Injury Assistance did not violate Rule 11 because the motion to disgorge attorney's fees was not filed for an improper purpose and was not frivolous.

Accordingly,

**IT IS ORDERED** that Berrey's Motion for Rule 11 Sanctions (Doc. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that Berrey's First Supplement to His Motion for Rule 11 Sanctions (Doc. 85) is stricken.

Dated this 8th day of May, 2015.

_____
Bridget S. Bade
United States Magistrate Judge